NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION in FRANKFORT

CIVIL ACTION NO. 06-CV-76-KKC

C. WES COLLINS                                                            PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

JOSEPH E. LAMBERT                                                     DEFENDANT

The plaintiff, C. Wes Collins, an individual who gives an address in Richmond, Kentucky, has filed a *pro se* civil rights complaint, purportedly pursuant to 42 U.S.C. §§1983 and 1987, and a motion to proceed *in forma pauperis*, which he has now supplemented with additional financial information.

This matter is before the Court for initial screening. 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

NAMED PARTIES

Collins identifies himself as the plaintiff and also claims that he is bringing this action as next friend of his minor child, JMWC. His sole named defendant is Joseph E. Lambert, the plaintiff specifying that he is sued in his individual capacity and in his official capacities as Chief Judge of the Supreme Court of Kentucky and Administrative Head of Kentucky's Administrative Office of the Courts.

CLAIMS

The plaintiff claims that the defendant has violated his rights under (1) the U.S. Constitution's First, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendments; (2) federal

law under RICO and *Kalina v. Fletcher*, 522 U.S. 118 (1997); and (3) Kentucky law, including several sections of the Constitution of the Commonwealth of Kentucky and its Code of Judicial Conduct.

## RELIEF REQUESTED

The plaintiff seeks declaratory, injunctive, and damage relief.

## ALLEGATIONS OF THE PETITION

The following is a summary or construction of the allegations presented in the plaintiff's complaint and the attachments thereto.

The plaintiff complains of numerous events occurring in a domestic relations case which made its way through the Kentucky courts, beginning with his wife's "false domestic violence petition" in 2001 in Madison County, Kentucky, and her subsequent petition for dissolution of marriage in 2002, in Fayette County.  Although he initially hired an attorney, he later took over representing himself in the litigation.

Hearings and motions and other litigation continued over the visitation arrangements for the plaintiff and his minor child well past the dissolution of the marriage itself.  The petitioner provides as his Exhibit 2, his *pro se* brief to the State Court of Appeals, Kentucky's intermediate level court, regarding three post-decree orders of the Fayette Family Court.  In this brief he relates, at length, what happened in a series of hearings before the family court, complains of the actions of the attorneys and the judge, and shows his outrage at the proceedings and the results thereof.

Collins also attaches, as Exhibit 3,  the opinion of the Kentucky Court of Appeals affirming all of the family court's post-decree orders.  That opinion is also found at *Collins v.*

2

*Collins*, 2006 WL 3371891 (Ky.App. 2006) (not reported), which was handed down on November 22, 2006.  In it, the appellate court found the lower court's withdrawal of visiting privileges until Collins would submit to a psychiatric evaluation to be reasonable, well within the family court's authority, and supported by Kentucky statutory law.  The appellate court stressed that Collins, himself, held the key to his ability to have resumed visitation, by consenting to the evaluation.

Two weeks after the Court of Appeals issued its opinion, on December 5, 2006, the plaintiff filed the instant cause of action against the Kentucky Supreme Court's Chief Justice Lambert.  The following is Collins' clearest allegation against the named defendant:

> He has turned a blind eye to the Plaintiffs contentions and evidence in support of his claims.  Apparently he is setting the example of the policy of bad faith conduct under color of law, showing to be wantonly tolerant of it, and thus far remaining silent and nonfeasant.

Record No. 1 at ¶6.  Exhibit 1 is evidently intended to support his claims against Defendant Lambert.  This group exhibit consists of three separate one-sentence Orders signed earlier in 2006 by the Chief Justice, denying motions which Collins had made to the State Supreme Court for the issuance of preliminary injunctions.

The plaintiff requests that the Court make several declarations, provide certain injunctive relief, and award him his costs and lost wages.

<u>DISCUSSION</u>

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The plaintiff is not a prisoner; however, because he asks the Court to allow him to

3

proceed without prepayment of fees on the basis of indigency, the Court is authorized to screen this case and to dismiss it at any time if it determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted or is seeking monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B).  For several reasons, the Court determines that the instant complaint must be dismissed.

<u>*Rooker-Feldman* Doctrine</u>

The plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  The plaintiff makes it abundantly clear in his complaint that he has brought this action because he is unhappy with the outcome of the state court proceedings with regard to visitation issues.   Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Federal courts lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision.  *See Feldman*, 460 U.S. at 486-87; *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir.2000).   A plaintiff's claims are inextricably intertwined with a state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *see Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *See Patmon*, 224 F.3d at 509-10; *Catz*, 142 F.3d at 293.

Here, the plaintiff's federal claims can succeed only to the extent that this Court would

4

determine that the Fayette Family Court and/or the Kentucky appellate courts wrongly decided the visitation/evaluation/property issues complained of.  Therefore, the plaintiff's federal claims in this §1983 action are, in essence, impermissible appeals of decisions handed down in the state courts.  An unsuccessful state court litigant simply cannot "appeal" a state court decision in federal court; his only recourse is through the highest court of the State and then to the Supreme Court of the United States.

As the sources of the injuries alleged in this §1983 action are the state court decisions adverse to the plaintiff, the *Rooker-Feldman* doctrine prevents this Court from asserting jurisdiction.  *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).  Accordingly, the Court must dismiss an action upon its discovery that it lacks jurisdiction to entertain the matter presented.

<u>Judicial Immunity</u>

Even if *Rooker-Feldman* did not bar this action *in toto* (which it does), the complaint suffers from other defects.  Primary among them is the fact that his only named defendant is a State Court Judge.

The plaintiff is advised that judges are absolutely immune from suit for a deprivation of civil rights so long as the complained-of act was not taken in the clear absence of all jurisdiction and so long as the act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity).  *See Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978).  Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors.  *Stump v. Sparkman*, 435 U.S. at 359.

Having complained of certain orders which Justice Lambert signed, Plaintiff essentially admits that the actions of ruling against him were judicial acts, for which the Justice is entitled absolutely immunity.   Although Williams suggests that Justice Lambert's role as an administrator would defeat his absolute immunity defense, consistent with *Kalina v. Fletcher*, 522 U.S. 118 (1997), the facts of that case do not control here.   That case was not even about judicial immunity, however.

*Kalina* examined prosecutorial immunity and refused the immunity defense because the prosecutor had acted not in her prosecutorial capacity but as a common witness to the facts.   *Id.* at 129-31.   In contrast, the complained-of capacity in which Justice Lambert is alleged to have acted herein was strictly as a judge in the plaintiff's state court proceedings.   Therefore, under the foregoing law, all of the plaintiff's civil rights claims against Justice Lambert must be dismissed on the ground that he is absolutely judicially immune to such claims.

<u>Remaining Claims</u>

Even were these foregoing doctrines not an absolute bar to the instant cause of action for constitutional violations under 42 U.S.C. §1983, the plaintiff has otherwise failed to state a federal claim.

Although Collins purportedly relies on §1987 of Title 42, that statute is inapplicable. Under it, whether to investigate, arrest and prosecute various state officers and officials for alleged violation of state prison inmates' federal civil rights was only for the discretion of the United States Attorney.   *Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375 (2nd Cir. 1973).   Further, the Attorney General and United States Attorney cannot be compelled by mandamus to prosecute allegedly known civil rights violators.   *Peek v. Mitchell*, 419 F.2d 575

6

(6th Cir. 1970).

The plaintiff has also alleged violations of the Racketeer Influenced and Corrupt Organization ("RICO") Act, codified at 18 U.S.C. §1962. However, domestic relations disputes do not constitute a basis for the invocation of RICO remedies. *McMurtry v. Brasfield*, 654 F.Supp. 1222 (E.D. Va. 1987). Even were this not the general rule, the plaintiff's broad allegations of RICO violations fall far short of establishing the elements necessary for stating a valid RICO civil action.

A civil RICO remedy is created in 18 U.S.C. §1964(c) for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." A violation of RICO under §1962(c) requires: (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity. *Sedima. S.P.R.L. v. Imirex Co.*, 473 U.S. 479 (1985). *See also Kenty v. Bank One Columbus NA*, 92 F.3d 384 (6th Cir. 1996); *Medallion TV Enterprises, Inc. v. SelecTV of California, Inc.*, 627 F.Supp. 1290 (C.D. Cal.), *aff'd* 833 F.2d 1360, *cert. denied*, 492 U.S. 917 (1986). Clearly, the instant plaintiff has failed to state such a claim.

Finally, to the extent that the plaintiff asserts claims against this defendant for purported violations of state law, be it sounding in fraud, Kentucky's Constitution, the State's Code of Judicial Conduct, Kentucky statutes, or tort law, he is advised as follows. The federal district courts have discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as federal claims. *See* 28 U.S.C. §1326, *Supplemental Jurisdiction*.

When the plaintiff has no federal cause of action, however, as when the federal claims

have dropped out, the district court may exercise its discretion to dismiss his pendent state law claims.  *Id.*; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994); *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987).  Having found that none of the federal claims herein may proceed, the Court declines to exercise its supplemental jurisdiction.  It will dismiss the pendent state claims, without prejudice.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     The plaintiff's motion to proceed *in forma pauperis*, as amended [Record Nos. 2, 6], is **GRANTED**; and

(2)     that this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

Dated this 25th day of January, 2007.

Signed By:

**_Karen K. Caldwell_**

**United States District Judge**